UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Xai Moua L.,                                                                No. 20-cv-692-KMM

          Plaintiff,

v.                                                                **CORRECTED[1] ORDER**

Andrew Saul, Commissioner of Social
Security,

          Defendants.

      This matter is before the Court on the parties' cross-motions for summary judgment. ECF Nos. 23, 26. The Court held a hearing on May 11, 2021, at which counsel for Xai Moua L. and the Commissioner appeared and presented oral argument. The Court issued a ruling from the bench granting Ms. L's motion, denying the Commissioner's motion, and remanding the case to the Social Security Administration for additional proceedings. The Court explained its reasoning for the decision in considerable detail. The reasons for the Court's decision stated on the record are incorporated into this Order and briefly summarized below.

      The Court found three errors in the ALJ's evaluation of the opinion given by Ms. L's treating primary care physician, Dr. Charlene Ulstad-Warkentien. First, the Court concluded that the ALJ erred in failing to address Dr. Ulstad-Warkentien's assessment that Ms. L would be absent from work three or more days per month. The ALJ's failure to address the opinion regarding Ms. L's need to be absent from work prevents the Court from effectively reviewing the ALJ's reasoning for giving it little weight. *See Walker v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 550, 553 (8th Cir. 2018) (explaining that the ALJ is required to explain, "with some specificity, why he has rejected the treating physician's opinion" and that "[f]ailure to do so is reversible error"); *see also Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (finding that lack of specificity was reversible error rather than a mere drafting issue).

---

[1]     This Corrected Order fixes a typographical error in the caption.

Second, although an ALJ is not required to discuss every one of the factors outlined in 20 C.F.R. § 416.927(c) when addressing a treating physician's opinion that is not given controlling weight, the ALJ's failure to analyze the impact of two of those factors was erroneous in this case. The length of Dr. Ulstad-Warkentien's and Ms. L's treatment relationship and the frequency of examination, as well as the nature and extent of that treatment relationship were entitled to consideration in assigning weight to the doctor's opinion. Dr. Ulstad-Warkentien has treated Ms. L for more than 15 years, they had at least 7 office visits between March 2016 and January 2018, and Dr. Ulstad-Warkentien has been heavily involved in caring for Ms. L's physical and mental health. These factors strongly suggest the portion of the opinion regarding absences from work was entitled to substantially more weight than it received. Under the circumstances of this case, the ALJ failed to give "good reasons" for assigning Dr. Ulstad-Warkentien's entire opinion little weight, without addressing these factors at all or explaining how they impact the reliability of the doctor's assessment that Ms. L would frequently need to miss work because of her mental-health symptoms. *See, e.g.*, *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (explaining that an ALJ must always give good reasons for discounting the opinion of a treating physician).

Finally, to the extent the ALJ found Dr. Ulstad-Warkentien's opinion regarding the frequency that Ms. L would miss work every month was inconsistent with the overall evidence of record, such a finding was not support by substantial evidence on the record as a whole. *See, e.g.*, *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (setting forth the substantial evidence standard). The ALJ's discussion of Ms. L's mental-health symptoms and the functional limitations they impose focused improperly on the evidence of Ms. L's functioning when it was at its best for brief periods. The ALJ did not give due consideration to the fluctuation of her symptoms over time. Such fluctuations are hallmarks of depression and PTSD and brief periods of control over symptoms does not necessarily show that a claimant can engage in full time work. *See, e.g.*, *Garrett ex rel Moore v. Barnhart*, 366 F.3d 643, 653 (8th Cir. 2004) (concluding that the ALJ erred in finding the claimant's depression was under control where record indicated claimant continued to suffer periodic bouts of serious depression).

Looking at the record as a whole, the evidence reveals a long-term lack of progress in Ms. Lee's mental health despite regular therapy and unsuccessful attempts to find psychiatric medications that addressed her conditions. *See, e.g.*, *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) (finding that the fact the plaintiff was prescribed increasing doses of

2

antidepressants indicated depression was not in remission). The ALJ's suggestion of inconsistency with the overall record is not supported by substantial evidence in the following ways. First, the evidence concerning Ms. L's trips to Thailand and California do not contradict Dr. Ulstad-Warkentien's assessment; neither trip indicates that Ms. L would be able to attend even a low-stress job without regular absences. Second, the evidence regarding Ms. L's ability to do yard work and occasional enjoyment of knitting and sewing was limited to only a few occasions, one of which preceded a trip to the emergency room. There is not substantial evidence showing that Ms. L engaged in these activities with the regularity that would support an inference she could be able to consistently show up for work. Third, the evidence of Ms. L's ability to drive indicated only a short-term improvement in functioning. Overwhelming evidence in the record indicated she was unable to drive, including her own reports to her therapist and other providers and the fact that mental-health providers and her case manager frequently visited her at her home. Fourth, Ms. L's activities of daily living were quite limited. The evidence indicated that her mental-health symptoms interfered with her ability to engage in activities of daily living, and the records showing that she could dress and bathe herself, visited with family, shop with the help of her children, and occasionally go outside does not constitute substantial evidence that she would be able to regularly attend work. *E.g.*, *Hogg v. Shalala*, 45 F.3d 276, 278–79 (8th Cir. 1995) (noting that the ability to do activities such as light housework and visiting with others provide little or no support for finding that a claimant can perform full-time competitive work). Finally, other substantial evidence in the record is consistent with Dr. Ulstad-Warkentien's conclusion that Ms. L would be likely to miss more than three days of work each month due to her mental-health symptoms. Ms. L was frequently noted, throughout the relevant period, as lacking control of her emotions and crying throughout appointments with therapists and other providers. She was hospitalized on multiple occasions, sought out emergency treatment in response to mental-health symptoms consistent with her diagnoses of depression and PTSD, and had a PCA assigned to care for her several hours of each day. Moreover, her treating therapist, Ka Lo, LICSW, provided an opinion regarding Ms. L's functioning that was consistent with Dr. Ulstad-Warkentien's assessment of her inability to have consistent attendance at a full-time job.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Ms. L's motion for summary judgment (ECF No. 23) is **GRANTED**;

2. The Commissioner's motion for summary judgment (ECF No. 26) is **DENIED**; and

3. The ALJ's decision is **REVERSED** and this case is **REMANDED** to the Commissioner of Social Security for a supplemental hearing and further administrative action consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).

Date: May 18, 2021

                                           *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States Magistrate Judge