UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Xai Moua L.,  No. 20-cv-692 (KMM)

    Plaintiff,

v.  **ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

    Defendant.

This matter is before the Court on Plaintiff's Counsel's Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"). [ECF No. 38]. Plaintiff's counsel requests an award of $10,354.76 in fees under the EAJA for 52 hours of work in connection with this case. In response, the Commissioner does not suggest that an award of fees is inappropriate, but argues that the amount of the fee sought is unreasonable. [ECF No. 41]. For the reasons that follow, the Court grants Plaintiff's Counsel's Petition, in part, and awards $8,960.85 in attorney's fees.

In relevant part, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The statute requires the party seeking an award of fees and other expenses to file an application within thirty days of the final judgment. *Id.* § 2412(d)(1)(B). The applicant must show that she is the prevailing party and is eligible to receive an award of fees. *Id.* In addition, the application must show "the amount sought, including an itemized statement from any attorney … appearing on behalf of the party stating the actual time expended and the rate at which fees … were computed." *Id.*

Plaintiff's Counsel filed the petition within thirty days of the entry of judgment, so the request is timely. Counsel has also shown that Ms. L is a prevailing party. *Youness v. Berryhill*, No. CV 17-4108 (DSD/BRT), 2018 WL 4218805, at *1 (D. Minn. Sept. 5, 2018) ("A party who obtains a sentence-four remand, such as Plaintiff, qualifies as a 'prevailing party' under the EAJA."). Further, they have shown that Ms. L's net worth did not exceed $2,000,000 when this case was filed, so she is eligible to receive an EAJA award. *Id.* The Commissioner does not contest the propriety of a non-excessive fee award, which the Court construes as a concession that his position in the litigation was not substantially justified. *See id.* (citing *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1008 (E.D. Ark. 2011) (declining to discuss substantial justification where the Commissioner conceded that an award of fees was appropriate). On this record, the Court concludes that an award of EAJA fees in this case is appropriate.

The only issue remaining is the reasonableness of the fees requested. As noted, Plaintiff's counsel seeks reimbursement for 52 hours of attorney work, at a rate of $199.13 per hour, for a total award of $10,354.76. The Commissioner argues this request is unreasonable and suggests that the Court should award fees for no more than 35 hours of attorney work. As a result, the Commissioner suggests that the award in this case be reduced to $6,969.55.[1] [ECF No. 41 at 7–8].

Attorney's fees requested under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The requesting party must exclude "excessive, redundant, or otherwise unnecessary" hours from their petition. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "[T]he

---

[1] The Commissioner does not object to the hourly rate of $199.13, requested by the Plaintiff. [ECF No. 41 at 4]. The Court finds that Plaintiff's counsel has established that this adjusted hourly rate is appropriate. [ECF No. 38, ¶ 5].

Court has a great deal of discretion to adjust the requested fees in light of the objections raised [by the adverse party]." *Magwood v. Astrue*, 594 F. Supp. 2d 557, 562 (E.D. Pa. 2009).

First, the Commissioner argues that the award should be reduced because Plaintiff's Counsel's request for 52 hours deviates from what the Commissioner calls "[t]he 20 to 40 hour guideline," a purported average for EAJA awards. [ECF No. 41 at 3 (citing *Coleman v. Astrue*, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007))]. Although the Court might consider "the usual number of hours for similar cases," *Johnson v. Barnhart*, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D. Mo. Jan. 13, 2004)), "[a]wards just outside [the 20 to 40 hour] range are also not uncommon," *Dianna L. B. v. Saul*, No. 19-CV-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (collecting cases), and the Court declines to find Plaintiff's counsel's hours were unreasonable simply for being greater than average, especially in a fact-intensive inquiry such as this. *Barbara M. v. Saul*, No. 18-CV-1749 (TNL), 2020 WL 2731162, at *2 (D. Minn. May 26, 2020) ("[I]n every case, the Court considers the particular facts, complexity of the case, and the type of work performed."); *Vicky K. v. Saul*, No. 19-CV-01502 (ECW), 2021 WL 2472820, at *4 (D. Minn. June 17, 2021) ("[T]he Court does not view more than 40 hours as per se unreasonable."); *see also Patricia A. L. v. Saul*, No. CV 19-1769 (BRT), 2021 WL 806370, at *2 (D. Minn. Mar. 3, 2021) (collecting cases awarding between 77 to 200 hours).

The Commissioner similarly argues Plaintiff's attorney "routinely" overbills for routine file review, and that this Court has reduced the hours awarded to Mr. Osterhout for such cause before and should do so again. [ECF No. 41 at 4–5]. Rather than focus on *this case*, this argument targets past cases involving unrelated plaintiffs, records, and errors. While previous decisions may help generally guide future ones, the Commissioner has cited, and the Court can

find no precedent to conclude that previous decisions reducing Mr. Osterhout's requested fees in an unrelated case carry over to the case at hand. Accordingly, the Court declines to follow the Commissioner's proposed path, as "[t]he amount of the fee, of course, must be determined on the facts of each case," *Hensley*, 461 U.S. at 429, not the facts of others.

Finally, the Commissioner argues that Plaintiff's attorney billing a total of 24.6 hours for reviewing the file was excessive. [ECF No. 41 at 6–7]. Most notably, Plaintiff's attorney spent three consecutive, almost eight-hour days reviewing the 1341-page Administrative Record, followed by another two days drafting and editing the opening summary-judgment brief for a total of 39.4 hours. [ECF No. 39-1]. For an experienced practitioner handling Social Security disability appeals like Mr. Osterhout, the Court finds spending almost five full days reviewing the record and drafting the opening brief to be slightly excessive. The Court also notes that several of the time entries between January 21, 2020 and December 8, 2020 are batched entries; multiple tasks are listed for each day, and a corresponding total amount of time is reflect, but the records do not indicate how much time was spent on each task. This makes the Court's task in assessing the reasonableness of the fee request more difficult. In light of these observations, the Court finds that 45 hours of attorney work is reasonably compensable for this matter.

An award of 45 hours at Plaintiff's counsel's rate of $199.13 per hour results in a total of $8,960.85, which the Court finds to be a reasonable award of attorney's fees in this case. This is consistent with other awards in Social Security Cases in this District.

Based on the foregoing discussion, the Court enters the following Order.

1. Plaintiff's Counsel Petition for Attorney Fees Under the Equal Access to Justice Act [ECF No. 38] is **GRANTED IN PART**.

5

2. Plaintiff is awarded $8,960.85 in reasonable attorney fees, subject to offset by any preexisting debt that Plaintiff owes to the United States.

3. This EAJA award shall be made payable to the Plaintiff and mailed to Plaintiff's counsel.

**IT IS SO ORDERED.**

Date: October 1, 2021

   *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge